## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **CASE NO.  8:08-CR-318-T-27TGW**

**CHARLES JACKSON FRIEDLANDER**

_____

## MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM PRESENTING EMAILS OR INSTANT MESSAGES OF EXPLICIT CORRESPONDENCE WITH ADULTS AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW** the Defendant **CHARLES FRIEDLANDER** by and through his undersigned counsel and hereby moves this Honorable Court to issue an Order precluding the Government from referencing before the jury emails or instant messages of explicit correspondence of the Defendant engaging adults in conversation regarding heterosexual or homosexual activity, acts of bestiality, sexual activity, sadomasochism, discipline or similar activity and would state:

1. The Defendant has been charged in a one count indictment alleging enticing a child to engage in sexual acts under 18 U.S.C. 2422(b).

2. The Government has provided discovery to the Defendant containing a number of emails and instant messages documenting correspondence between the defendant and other adults engaging in heterosexual and homosexual discussions to include discipline, fetish, sexual activity, sadomasochism and bestiality from the defendant's computer.

3. The above described material which does not involve children or child pornography does not bear on the disputed trial issues and is not relevant.

4. Under Federal Rules of Evidence 401 and 403 in order for evidence to be admissible, it must be relevant and its prejudicial effect must not substantially outweigh its probativeness. See United States v. Harvey, 991 F.2d 981 (2nd Cir. 1993) citing United States v. Jamil, 707 F. 2d 638 (2nd Cir 1983).

5. The contents of the above referenced materials are beyond those involved in the proof needed for enticing a child and are irrelevant to this prosecution, are hyper-prejudicial and pose a substantial risk of inflaming the jury. See United States v. Harvey, 991 F.2d 981 (2nd Cir. 1993) citing United States v. Jamil, 707 F. 2d 638 (2nd Cir 1983).

6. It is not unrealistic to assume that some jurors will have such a negative view of anyone who views pornography that they may make an improper emotional leap and divert their attention from material issues in the trial. United States v. Shoffner, 71 F.3d 1429 (8th Cir. 1995).

7. The Assistant United States Attorney, Amanda Kaiser, has been contacted and objects to this motion.

**WHEREFORE,** the Defendant **CHARLES FRIEDLANDER** by and through his undersigned counsel  hereby moves this Honorable Court to issue an Order precluding the Government from emails or instant messages of explicit correspondence of the Defendant engaging adults in conversation regarding heterosexual or homosexual activity, acts of bestiality, sadomasochism, discipline or similar activity pursuant to Fed. R. Evid. 401 and 403.

Respectfully submitted,


   /S/ George E. Tragos
GEORGE E. TRAGOS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 17th day of October, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing the following: United States Attorney's Office, 400 N. Tampa Street, Room 3200, Tampa, Florida 33602. I further certify that I mailed the foregoing document and the notice of electronic filing by first - class mail to the following non-CM/ECF participants:

_____.

LAW OFFICES OF TRAGOS & SARTES, P.L.

 /s/ George E. Tragos
GEORGE E. TRAGOS, ESQUIRE
601 Cleveland Street, Suite 800
Clearwater, FL 33755
(727) 441-9030
SPN 00000117
Florida Bar No. 184830
E-mail: george@greeklaw.com