UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:08-CR-318-T-27TGW

CHARLES JACKSON FRIEDLANDER

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISCLOSE GOVERNMENT'S EXHIBITS AND INCORPORATED MEMORANDUM OF LAW PRIOR TO TRIAL**

**COMES NOW**, The United States of America, by and through undersigned counsel, and hereby files its response to the defendant's Motion to Disclose Government's Exhibits Prior to Trial (**Dkt. No. 46**). The government respectfully asserts that the defendant's motion is without legal basis and should be denied and would state as follows:

1. In his motion, the defendant, CHARLES FRIEDLANDER requests that the Court order the government to disclose all trial exhibits ten days prior to trial. In support of this unusual request, the defendant notes that the government provided to the defendant, pursuant to Rule 16 Discovery numerous e-mail communications, transcripts of instant messages and photographs and video seized from the defendant's computers and AOL account. The defendant summarizes his request by stating that due to the voluminous nature of the discovery provided, the defendant requests that the government provide a series of exhibits that it intends to produce during the trial. As will be discussed below in the Memorandum of Law section, the defendant's request is without legal basis and should be denied.

**MEMORANDUM OF LAW**

In support of his motion for the Court to order the government to disclose government's exhibits prior to trial, the defendant cites three cases which are clearly distinguishable from the facts presented by the underlying case. First, the defendant cites the cases of United States v. Upton, 856 F. Supp. 727, 748 (EDNY, 1994), and United States v. Giffen, 379 F. Supp. 2d 337 (SDNY 2004), as cases which support the notion that district courts have opted to require the government to share documents in complex cases where district courts have waived the Rule 16 Discovery considerations in the principle of fairness and have decided that the government should identify the documents it intended to rely upon in its case in chief.

Upon close examination of the two cases cited by the defendant in Paragraph 10 of his motion, it is immediately apparent that neither case is sufficiently similar or applicable to the facts presented by FRIEDLANDER's case. For example, in United States v. Upton, a number of individuals were prosecuted for falsification of airplane maintenance records and obstructing the administration of law in a twenty-nine count superseding indictment. The court noted that the government alleged approximately thirty-three specific acts of records falsification. The government produced thousands of pieces of paper and had not identified which of the specific documents the government claimed were fraudulent, thus, the defendant was unable to form a defense prior to trial. Clearly, the Upton case is distinguishable, as FRIEDLANDER knows exactly what he has been charged with, and has the chats and e-mails with law enforcement identified and provided to him. What the defendant is actually seeking, unlike in the Upton case in which the defendants there requested documentation of the

charged conduct in the twenty-nine count indictment, FRIEDLANDER wants the government to identify inextricably intertwined and/or 404(b) evidence which it intends to present at the trial in the matter. Unlike Upton, the government is in no better position than the defendant to review the defendant's own e-mails and photos which were located on his computer. If anything, the defendant is actually in a better position than the United States to identify what information is contained in his e-mails and photographic evidence on his computer, since he was the author and creator or saver of same. While a review of the defendant's e-mails is indeed a time consuming process, the government has had to engage in the same detailed review, and the disclosure of same pre-trial is not at all necessary for the defendant to formulate a defense to the underlying charge. Essentially, the defendant wants to review all of the 404(b) evidence prior to trial. There is simply no legal basis upon which the Court should order early disclosure of such material. It is worth noting, that the defendant actually has all of the documents that the government has, and may review same prior to trial.[1] Further, the defendant is on notice that the government will seek to introduce e-mails and photographic evidence which demonstrate the defendant's interest in sex, as well as, sadomasochistic abuse for sexual purposes. Despite no duty to do so, the government has gone above and beyond the requirements of Rule 16 Discovery and has given the defendant the 404(b) evidence. What counsel for the defendant wants is the entire trial strategy of the government.

[1] Various articles have been written about how defendants have no right to pre-trial discovery of Rule 404(b) evidence. For example, see, "The Worst Surprise of All: No right to Pre-Trial Discovery of the Prosecution's Uncharged Evidence,." E. J. Imwinklereid, 56 Fordham L. Rev. 247 (Dec. 1987).

In the second case cited by the defendant, United States v. Giffen, 379 F.Supp. 2d 337 (SDNY, 2004), the government in that case had produced approximately 450 boxes of documents, containing more than one million pages. In Giffen, the defendant was charged with making illegal payments to foreign government officials, in violation of the Foreign Corrupt Practices Act, and violating mail and wire fraud statutes, money laundering statutes and income tax laws. In the present case, the government has given ample notice to counsel for the defendant as to the type of 404(b) evidence which it will seek to introduce in its case in chief. Unlike the 450 boxes of documents and millions of pages produced in the Giffen case, counsel for the United States produced three discs containing AOL search warrant information, and two discs containing the forensic examination of the defendant's computer. Clearly, the Giffen case is distinguishable as there is a pittance of documents in comparison between the defendant's case and the Giffen case.

In the third case cited by the defendant in his Memorandum of Law, United States v. Cannone, 528 F.2d 296, 298 (2nd Cir. 1974), the defendant noted that the Second Circuit recognized a district court's inherent authority to regulate the nature and timing of discovery in order to ensure an efficient presentation at trial. While certainly, the government concedes that the district court has the authority to regulate the nature and timing of discovery, in the Cannone case, the issue involved whether the government should have to identify pre-trial its witness list. The Second Circuit reversed the district court's order directing the government to disclose the identity of government witnesses pre-trial, finding that the court had committed a reversible error in granting the defendant's motion for pre-trial discovery.

In Paragraph 13 of the defendant's motion, counsel for the defendant argues that "the time necessary to fish through the thousands of e-mails during trial could extend this trial for days." This assertion is simply incorrect, as in any case in which the government selects a relatively small portion of documents to admit compared to the total amount of documents available, trials are not delayed while defense counsel searches through their own copies of same to find the exhibit. Rather, at trial, as is the case in every trial, defense counsel will be provided copies of the exhibits. Indeed, counsel for the United States' practice has been to provide all exhibits to defense at the beginning of trial, despite no requirement to do so.

Despite defendant's reliance on New York District Court cases, it is interesting to note also, however, that not all judges in the Southern District of New York agree with requiring the government to identify which documents it intends to use at trial. In United States v. Nachamie, 91 F. Supp. 2nd 565 (SDNY 2000), the defendants who were indicted for Medicare fraud, filed a motion to compel the government to comply with discovery obligations. In Nachamie, the defendant complained that the government had produced approximately 200,000 pages of documents, but had not indicated which of those documents it intended to rely on to present in its case in chief at trial. Essentially, the court noted that the defendant's complaint was that because of the enormity of production, it could not determine which documents were simply material to the preparation of the defense and which documents the government intended to use at trial. In rejecting the defendant's motion, the court held that the clear language of Rule 16(a)(1), however, does not require the government to identify which documents fall into each category under Rule 16, but rather it only required the production of documents

responsive to any category. Id. at 569. While understanding the defendant's conundrum in having to review a number of documents, but rejecting the defendant's motion, the court in Nachamie noted that "a court has no license to rewrite the Federal Rules of Criminal Procedure. While it might be wise for the Adversary Committee on Criminal Rules to consider an amendment that would require a party to *identify* those documents it intends to use in its case in chief, no such requirement now exists in the plain language of the rule." Id. at 570.

In United States v. Jordan, 316 F.3rd 1215 (11th Cir. 2003), the defendants complained that the governments' discovery was so voluminous that it hindered their pre-trial preparations. The court noted that the discovery was indeed voluminous, because the government gave the defense access to far more information and material than the law required. The Eleventh Circuit noted that the defense could hardly complain about that, and that if they had an insufficient time to sort things out, they should have asked for a continuance. In the present case, the United States has produced far more information than is required under Rule 16. In fact, the government provided copies of the computer evidence to the defendant so that they could conduct their own review of the material. Again, the information provided by the government is not information that is new to the defendant. Rather, the "voluminous information" that FRIEDLANDER complains about, are his very own e-mails and photographs located on his computer. As such, he should hardly be permitted to complain and seek more information than is required by Rule 16.

In United States v. Scrushy, 2004 W.L. 483264 (N.D.Ala. 2004),[2] the defendant has similarly sought an order compelling the government to specify the discovery documents intended to use in its case in chief. As in the present case, the defendant in Scrushy did not argue that the government had failed to produce discovery under Rule 16, rather that the government had produced so much discovery that the defendant was handicapped in attempting to go through all of it unless the government identified and specified the particular documents it intended to use in its case in chief. In rejecting the defendant's request, the court noted that it agreed with the government's position that the plain language of Rule 16(a)(1)(E)(ii) does not require the government to specify from among the universe of discovery documents produced to defendant which of those documents it intended to rely upon at trial. The court noted,

> "the obligation imposed by Rule 16 as one of Discovery, to make certain categories [of] documents available to the defense. The Rule does not impose a duty on the government to tip its hand prematurely by requiring it to give the defendant a road map of its strategy. The act of categorizing documents under Rule 16 for the defendant necessarily reveals the government's strategic view of the significance of each document - whether it is one pertinent to an anticipated defense or one the government intends to use. The Rule does not require that outcome. Although it requires an exchange of information, it does not open the door to discovery of strategy." Id. at *3.[3]

---

[2] The opinion was not reported in F. Supp. 2d.

[3] See also, United States v. Carranza, 2007 W.L. 2422033 (NDGA. 2007) W.L. 2422033 (Aug. 21, 2007) ("[d]efendant's argument is that the discovery in this case exceeds several thousand pages of documents and that the government should be required to provide greater information to assist the defense and to avoid the "needle in a hay stack" approach. The language of Rule 16(a)(1)(E), however, does not require the government to make specific identification of its case in chief documents separately from the other two categories of documents required to be produced. The

In summary, the government has provided the defendant with more information than is required under Rule 16. The defendant's request is not authorized under Rule 16, and given that the material is the defendant's own writings and photographs, he is more than capable of reviewing same on his own.

**WHEREFORE**, for the foregoing reasons, the government respectfully requests that the defendant's motion is without merit and should be denied.

Respectfully submitted,

A. BRIAN ALBRITTON
United States Attorney

By: *s/Amanda C. Kaiser*
AMANDA C. KAISER
Assistant United States Attorney
Florida Bar No. 0083984
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6315
Facsimile: (813) 274-6103
E-mail: distinguishable@usdoj.gov

---

Rule only requires the production of documents responsive to each of the categories. The text of Rule 16(a)(1)(E), therefore, does not provide persuasive authority for the defendant's position." Id. at *3.

**U.S. v. CHARLES JACKSON FRIEDLANDER Case No. 8:08-CR-318-T-27TGW**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

George E. Tragos, Esquire
pam@greeklaw.com
george@greeklaw.com

By: *s/Amanda C. Kaiser*
AMANDA C. KAISER
Assistant United States Attorney
Florida Bar No. 0083984
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6315
Facsimile: (813) 274-6103
E-mail: Amanda.Kaiser@usdoj.gov



N:_Criminal Cases\F\Friedlander, Charles_2008R01924_ack\p_Govt Respone to 0046_Motion to Disclose Goverment Exhibits.wpd