UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 8:08-Cr-00318-T-27TGW

CHARLES JACKSON FRIEDLANDER

**MOTION IN LIMINE TO EXCLUDE EXPERT
WITNESSES AND REQUEST FOR DAUBERT HEARING**

The United States of America, by and through undersigned counsel, hereby files its Motion in Limine to preclude the testimony of the defendant's expert witnesses, and would state as follows:

1. The pretrial discovery order mandated that counsel for the defendant disclose his experts by August 18, 2008.

2. On November 5, 2008, the defendant filed his expert witness notice.[1]

3. The "Expert Witness Notice" filed by the defendant had a very brief summary of the proffered testimony of three witnesses: Dr. Mitchell Kroungold, Dr. Paul DiMarco, and Dr. Frederick S. Berlin.

4. For Dr. Kroungold, the notice provides that he will be testifying "to the indicators of depression, social anxiety disorder and pedophilia and the psychological correlation between sexual fantasy on the internet and the acting out of those fantasies." Further, the notice states that Dr. Kroungold will be testifying "to a

---

[1]The defendant filed his expert witness only 7 business days before the scheduled trial in this matter. Thus, the government is at a severe disadvantage in terms of trying to prepare for trial regarding this lately disclosed proffered testimony.

hypothetical statistical probability of an individual exhibiting various characteristics of social anxiety disorder acting out on a sexually deviant fantasy."

5.   For Dr. DiMarco, the summary provides that he will testify "to the effects of diabetes and insulin on the body, specifically the effects of sexual function and medical ramifications of non-compliance with insulin schedules."

6.   For Dr. Frederick S. Berlin, the summary provides that he will testify to: "the proliferation of fantasy on the internet as it relates to the defendant and the general population"; "the role of the internet in relationship building as well as the correlation between self control and the probabilities of individuals acting out on their internet fantasy"; and to "the character traits of manipulability and the longing to please other individuals and how those traits effect the psyche." Further, the notice provides that Berlin will testify as to Dr. Friedlander and pursuant to a hypothetical."

7.   The government asserts that such proffered expert witness testimony of these three witnesses is impermissible under Fed. R. Evid. 702, 703, and 704, and should be excluded in the trial in this matter.

8.   Counsel for the defendant objects to the relief requested herein.

## MEMORANDUM OF LAW

Almost all of the circuits that have dealt with the issue of a proposed "fantasy defense" have held that whether or not the defendant would actually act on his interest is irrelevant to a 18 U.S.C. § 2422(b) charge.[2] Case law establishes that the

---

[2] Considering the defendant in this case did in fact travel from Ft. Myers to Pinellas County to beat and have sex with two minor boys also negates any type of "Fantasy claim" and thus, the proffered testimony is exceptionally irrelevant.

government only needs to establish that the defendant intended to use a facility of interstate commerce to induce a minor to engage in sexually explicit conduct. United States v. Murrell, 368 F.3d 1283 (11th Cir. 2004). Thus, if a person induced a minor, through an intermediary, i.e., a parent, without actually committing any sex act himself, he would still be in violation of 18 U.S.C. § 2422(b). Id. at 1286. The Eleventh Circuit in Murrell quoted the opinion of United States v. Bailey, 228 F.3d 637 (6th Cir. 2000), in which the Sixth Circuit expressly rejected the argument that the government had to show both the intent to use the facility of interstate commerce and the specific intent to commit the illegal sex acts, holding:

"While it may be rare for there to be a separation between the intent to persuade and the follow-up intent to perform the act after persuasion, they are two clearly separate and different intents and the Congress has made a clear choice to criminalize the persuasion and the attempt to persuade, not the performance of the sexual acts themselves. Hence, a conviction under the statute only requires a finding that the defendant had an intent to persuade or to attempt to persuade [or induce]." Murrell at 1287 *quoting* Bailey at 639.

In the present case, the exceptionally vague expert witness notice of the defendant appears to suggest that the defendant's experts will testify to legally impermissible subjects. The notice states that Dr. DiMarco would testify to "the effects of sexual function and medical ramifications of non-compliance with insulin schedules." Such testimony is completely irrelevant, would not in any way be helpful to the jury and should be excluded.

Next, the testimony of Dr.'s Kroungold and Berlin, appear to be likewise inadmissible.  Based on the statements provided in the notice, it appears to counsel for the United States that the defendant wishes to present testimony on the ultimate issue which is solely the purview of the jury.

As for Dr. Kroungold, the Notice provides that he will be testifying "to the indicators of depression, social anxiety disorder and pedophilia and the psychological correlation between sexual fantasy on the internet and the acting out of those fantasies."  As the issue of whether or not the defendant is a pedophile is irrelevant, such testimony should be excluded.  Further, the notice provides that Dr. Kroungold will be testifying "to a hypothetical statistical probability of an individual exhibiting various characteristics of social anxiety disorder acting out on a sexually deviant fantasy."  Also, testimony regarding statistical probabilities is likewise improper.  As the government is precluded from offering propensity evidence, so is the defendant.  Essentially what the defendant hopes to admit is essentially negative propensity evidence which is no more admissible.  Obviously, the government cannot put evidence on to suggest that there are millions of individuals like Friedlander who are interested in sadomasochistic sex with minors to show that Friedlander would fit within the group and therefore must have acted accordingly.  Similarly, the defense proffer regarding "statistical probabilities" is likewise inappropriate and impinges on the ultimate issue which is up to the jury.

Similarly, the testimony of Berlin regarding "the proliferation of fantasy on the internet as it relates to the defendant and the general population"; "the role of the internet in relationship building as well as the correlation between self control and the

probabilities of individuals acting out on their internet fantasy"; and to "the character traits of manipulability and the longing to please other individuals and how those traits effect the psyche" is likewise improper.

 Dr. Berlin should not be permitted to testify regarding some hypothetical group and then make the claim that Friedlander doesn't meet the group's characteristics, therefore he must not be guilty of the offense charged.  Such testimony is inappropriate and would never be permitted by the government.  Counsel for the United States requested expert reports from the defense, but was told that none of the three had prepared any reports.  Thus, the government is limited to surmising their proposed testimony from the limited description provided in the notice.  The government respectfully asserts that the defendant should not be permitted to allege a defense of "it was all a fantasy" through an expert, who would be relying on nothing more than the defendant's claim regarding same to opine thus.  It would simply be an attempt by the defendant to make a claim through an expert that he doesn't wish to make himself by taking the stand and subjecting himself to cross examination.  It is improper under Fed. R. Evid. 704(b) which provides, "[n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto.  Such ultimate issues are matters for the trier of fact alone."  See also, United States v. Thigpen, 4 F.3d 1573 (11th Cir. 1993).  A "hypothetical" may not be used to circumvent Rule 704(b), as the court recognized in United States v. Manley, 893 F.2d 1221 (11th Cir. 1990), where the defense counsel's hypothetical questions to an expert were held to have been properly

excluded by the trial court because the hypothetical focused on each of the pertinent characteristics of the defendant.

Based on the foregoing, the government respectfully requests that the defendant's experts be excluded. Alternatively, the government requests a pretrial <u>Daubert</u> hearing regarding same.

                                    Respectfully submitted,

                                    BRIAN A. ALBRITTON
                                  United States Attorney

By:   *s/Amanda C. Kaiser*
       AMANDA C. KAISER
       Assistant United States Attorney
       Florida Bar No. 0083984
       400 North Tampa Street, Suite 3200
       Tampa, Florida  33602
       Telephone:   (813) 274-6315
       Facsimile:    (813) 274-6103
       E-mail: Amanda.Kaiser@usdoj.gov

U.S. v. CHARLES JACKSON FRIEDLANDER          Case No. 8:08-Cr-00318-T-27TGW

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>George E. Tragos, Esquire
>george@greeklaw.com

By:    *s/Amanda C. Kaiser*
AMANDA C. KAISER
Assistant United States Attorney
Florida Bar No. 0083984
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:   (813) 274-6315
Facsimile:     (813) 274-6103
E-mail: Amanda.Kaiser@usdoj.gov