UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 8:08-cr-318-T-27TGW |
| CHARLES JACKSON FRIEDLANDER, | : |
| Defendant. | : |

**MEMORANDUM OF UNITED STATES OF AMERICA**
**CONCERNING FORFEITURE SPECIAL VERDICT**

The United States of America, by and through the undersigned Assistant United States Attorney, submits this memorandum in conjunction with the proposed special verdict and forfeiture instructions. In the event that defendant CHARLES JACKSON FRIEDLANDER is convicted as charged in Count One of the Indictment, and if the government or the defendant requests a jury determination on forfeiture pursuant to Rule 32.2(b)(4), Fed. R. Crim. P., this memorandum outlines the procedure the government proposes to take with regard to the special verdict on forfeiture.[1]

Because forfeiture is an element of sentencing, no constitutional right to a jury determination on forfeiture exists. Furthermore, there is no statutory provision for a jury determination on forfeiture. However, pursuant to Rule 32.2(b)(4), a party may request that the jury establish the *nexus* or connection between the property to be forfeited and

---

[1] "Subdivision (b)(4) addresses the right of either party to request that a jury make the determination of whether any property is subject to forfeiture. The provision gives the defendant, in all cases where a jury has returned a guilty verdict, the option of asking that the jury be retained to hear additional evidence regarding the forfeitability of the property." Fed. R. Crim. P. 32.2(b)(4), *Advisory Committee Notes*.

the crime for which a defendant has been found guilty pursuant to a jury trial. Absent such request, no right to a jury determination on forfeiture arises.

Defendant CHARLES JACKSON FRIEDLANDER is charged in Count One of the Indictment with knowingly attempting to persuade, induce, entice, and coerce a minor to engage in a sexual act by using a means of interstate commerce, namely a telephone, a computer, and modem with access to the Internet via America Online, in violation of 18 U.S.C. § 2422(b). On the basis of the charges in the Indictment, the United States alleges that the following property was used to commit or to facilitate the commission of such offense, and, therefore, is subject to forfeiture pursuant to the provisions of 18 U.S.C. § 2428:

1) Gateway computer with Model Number GT5220, Serial Number GCN6811002306;

2) Dell Inspiron 2600 computer with Model Number PP04L, Serial Number 39038652469;

3) 32 MB memory card;

4) 8 compact disks;

5) Aiptek pen camera, Serial Number AC157323;

6) One (1) floppy disc labeled "AOL ORG FOLDER 11/02;"

7) One (1) Hewlett-Packard Photosmart camera; Model Number 635; Serial Number CN39W1103D, with a Fujifilm 4 MB memory card inside

## I. Applicable Statutes

The court's authority to order forfeiture of property for violations of 18 U.S.C. § 2422(b) is founded upon 18 U.S.C. § 2428, which, in relevant part, provides for the forfeiture of the following property:

**United States' Memorandum of Law Concerning Forfeiture Verdict - Page 2**

**Forfeitures**

> (1) In general.– The following proeprty shall be subject to forfeiture to the United States and no property right shall exist in them:
>
>> (A) Any property, real or personal, used or intended to be used to commit or to facilitate the commission of any violation of this chapter.
>>
>> (B) Any property, real or personal, that constitutes or is derived from proceeds traceable to any violation of this chapter.

18 U.S.C. § 2428.[2]

## II. Forfeiture Proceeding

The plain language of the statutes contemplates that the Court make the ultimate determination on forfeiture. Rule 32.2, Fed. R. Crim. P., sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture. In order to have a jury determination on property subject to forfeiture, following the entry of a guilty verdict, either the United States or the defendant must request that the jury make such determination. The Rule further provides:

> Upon a party's request in a case in which a jury returns a verdict of guilty, the jury shall determine whether the government has established the requisite nexus between the property and the offense committed.

Fed. R. Crim. P. 32.2(b)(4).

If a jury verdict is requested by either party, it is the jury's function to decide whether the government has proved the elements necessary for the Court to declare the property forfeited. It is no longer necessary for the jury to determine the extent of

---

[2] Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit property criminally.

**United States' Memorandum of Law Concerning Forfeiture Verdict - Page 3**

the defendant's interest in the property [3] — that issue is left for the ancillary proceedings. Fed. R. Crim. P. 32.2 (*Advisory Committee Notes*). It is the duty of the jury solely to determine whether the government has established the requisite *nexus* between the property alleged subject to forfeiture and the offense(s) for which the defendant was found guilty. There is no right to a jury determination on forfeiture where there is no jury determination on the guilt of the defendant.

Accordingly, it is logical that the jury must answer questions which will allow the Court to make the appropriate finding. United States v. Amend, 791 F.2d 1120, 1128 (4th Cir.), cert. denied, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial court entered order of forfeiture); United States v. L'Hoste, 609 F.2d 796, 813-14 (5th Cir.), cert. denied, 449 U.S. 833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture). The government's proposed special verdict is in the form of interrogatories which will require the jury to determine the essential factual forfeiture issues and secure the information necessary for the Court to enter a forfeiture order.

Under this approach, where the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury is not advised of the ramifications of its decision – just as a jury is not advised of the ramifications of a

---

[3] "Since the enactment of the ancillary proceeding statutes, the requirement in Rule 31(e) that the court (or jury) determine the extent of the defendant's interest in the property as part of the criminal trial has become an unnecessary anachronism that leads more often than not to duplication and a waste of judicial resources." Fed. R. Crim. P. 32.2(b)(4) (*Advisory Committee Notes*).

**United States' Memorandum of Law Concerning Forfeiture Verdict - Page 4**

verdict of guilt or innocence. Thus, the portion of the Superseding Indictment entitled "Forfeitures" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury until after the issue of innocence or guilt is decided. The portion of the Superseding Indictment entitled "Forfeitures" is merely the required statutory notice to the defendant that the government seeks to forfeit his property in accordance with the applicable statute. Fed. R. Crim. P. 32.2(a) (*Advisory Committee Notes*). Hence, bifurcated proceedings are required.

At the forfeiture hearing following a conviction, both the defendant and the government have the opportunity to present evidence as to the forfeitability of the property. As explained in the *Advisory Committee Notes*:

> For example, if the defendant disputes the government's allegation that a parcel of real property is traceable to the offense, the defendant would have the right to request that the jury hear evidence on that issue, and return a special verdict, in a bifurcated proceeding that would occur after the jury returns the guilty verdict. The government would have the same option of requesting a special jury verdict on this issue, as is the case under current law.

Fed. R. Crim. P. 32.2(b) (*Advisory Committee Notes*).

### III. Conclusion

In conclusion, should the defendant or the United States request a jury determination on the forfeiture, after conviction, pursuant to Rule 32.2(b)(4), the government requests that the Court:

(1) instruct the jury on the issue of forfeiture <u>after</u> the jury has returned a guilty verdict on any or all of Counts One and/or Five of the Second Superseding Indictment;

(2) allow jury instructions regarding property subject to forfeiture and burden of proof;

(3)     allow bifurcated argument on the forfeiture issue; and

(4)     provide the jury with a special verdict form as proposed by the government.

> Respectfully submitted,
>
> A. BRIAN ALBRITTON
> United States Attorney
>
> By:     *s/ Adelaide G. Few*
> ADELAIDE G. FEW
> Assistant United States Attorney
> Florida Bar Number 558478
> 400 N. Tampa Street, Suite 3200
> Tampa, Florida 33502
> Telephone: (813) 274-6325
> Facsimile: (813) 274-6220
> E-mail: adelaide.few@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Amanda C. Kaiser
Assistant United States Attorney

George E. Tragos, Esquire

> *s/ Adelaide G. Few*
> ADELAIDE G. FEW
> Assistant United States Attorney