UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:08-CR-318-T-17TGW

CHARLES JACKSON FRIEDLANDER

_____

SENTENCING MEMORANDUM

II.   INTRODUCTION

1.   The Court has received in excess of 40 letters attesting to the character of Charles Friedlander.  These letters show the vast support he has received from not only his peers but from those who have known him in varied situations.  The Pre-Sentence Report details his history which integrates into character letters attached.  The Court has heard from individuals who have testified as to his character and will hear from individuals at the upcoming sentencing.

2.   There is nothing in his past which would in any way indicate any type of behavior which is violent or harmful to children.  The fact is his past indicates totally the opposite.

II.   THE TRIAL

3.   Although, the Defendant was convicted by a jury and stands guilty as charged, the trial produced testimony which is relevant for this Court's consideration toward sentencing.  Det. Romanowski's testimony along with the testimony of the Government's expert provides valuable insight into the Defendant and his nature.

1

4. Det. Romanowski testified that he was trained to do what he did to the Defendant. He felt that the mere conversations he had in 2005 were not good enough for a criminal charge. He testified that individuals who speak over the internet about such things generally lie to gain acceptance. He repeatedly stated that he did not believe that Dr. Friedlander was abusing children as was stated in the undercover chats. One of the main reasons Det. Romanowski did not believe Dr. Friedlander was inconsistencies. Romanowski determined that he had no children. Det. Romanowski testified that he expected to hear from parents or other individuals who had been victimized by Charles Friedlander. After the press coverage of the arrest, there were no calls from parents or children or any victims with regard to Charles Friedlander. During the interview, the Defendant repeatedly stated that he had no interest in children, he suffered from erectile dysfunction and he cannot achieve any sexual gratification.

5. The Government experts who analyzed the Defendant's multiple computers, as well as, his cell phone and the camera which was in his vehicle found no child pornography. They found no child pornography websites. They found no evidence of child pornography or children at his home.

6. With reference to Det. Spector (although he did not testify), there were several conversations, but there was never a meeting scheduled. There was never any action taken by Dr. Friedlander to meet Det. Spector or the fictitious victim. It was the Detective who suggested sending a photograph to Dr. Friedlander not Dr. Friedlander who wanted a photograph. Dr. Friedlander kept giving excuse after excuse for not meeting Det. Spector.

III.     **PRE-SENTENCE REPORT**

7.      Although there are multiple unresolved Pre-Sentence Report issues, the Defendant in this Memorandum will deal with some of those which he believes are most significant and would have an impact on the Sentencing Guidelines score or on his present classification. However, this Memorandum does not limit the Defendant's objections.

8.      Pursuant to Paragraph 3 of the Second Amended Addendum the Defendant continues to object to the wording with regard to the cycle of the victimization of children. The Probation Officer maintains that the fact that there were no actual victims is immaterial in this case. The Probation Officer continues to maintain that this is a factual statement reference the victimization of children. However, the testimony at the trial clearly shows that there is no evidence that the Defendant ever victimized a child. In fact, Det. Romonawski stated that he did not believe the Defendant was victimizing those children that he spoke of during the internet chats. The Defendant believes that to continue this language in the Pre-Sentence Report would merely inflame the Bureau of Prisons and could result in a different classification. It is unnecessary and should be stricken.

9.      With reference to Paragraph 4 of the Second Amended Addendum, this deals with a much broader issue: whether or not it is appropriate to count the non-existent victims in various ways which would impact on the Sentencing Guidelines. This argument also combines Paragraph 4 and 5 of the Second Amended Addendum. It should be noted the Defendant continues to object to Paragraphs numbered 16, 24, 27, 32 – 48 of the Pre-Sentence Report, and all other paragraphs which reference minor children.

These paragraphs deal with the general issue of whether or not the undercover officer's conversations can be interpreted to create two minor children and two separate offenses in the instance of Det. Romanowski, and an additional minor child in the instance of Det. Spector.

    a.    The defense is mindful of the case of U.S. v. Murrell, 368 F. 3d 1283 (11th CA 2004) which clearly stated, that within the 11th Circuit negotiating with the purported father of a minor satisfies the inducement requirement of 18 U.S.C. §2422 (b). That case also stated that with regards to an attempt a defendant must take "a substantial step toward commission of the offense." The Murrell case involved Det. Spector and an individual who traveled two hours to another county to meet a minor girl for sex, exchange for money, and the Defendant carried a teddy bear, $300.00 in cash and a box of condoms when he arrived at the meeting site. Murrell in citing U.S. v. Bailey, 228 F. 3d 637 (6th Cir. 2000) noted:

> We need not reach the question whether communication via a means of interstate commerce, without more, is sufficient to sustain a conviction for attempt under §2422 (b) because Murrell engaged in objective acts in addition to his communications with Det. Spector.

The Court went on to state:

> "Because the Sentencing Commission specifically provided that undercover officers are "victims" for purposes of §2G1.1, we deduce that the enhancement is directed at the defendant's intent, rather than any actual harm cause to a genuine victim."

    b.    The Court found that the commentary:

> Clearly indicates that the enhancement is intended to apply to instances in which the defendant communicates with the parent of a minor, provided of course, that the parent

> exercises custody, care, or supervisory control over the minor.

The court therefore, allowed the two level increase under §2G1.1 (b) (5). If we were to allow Det. Romanowski's statement of two children to be dispositive of an increase for a grouping enhancement and a multiple count adjustment it would lead to sentencing factor manipulation by the government.

    c.    In United States v. Ciszkowski, 492 F.3d 1264 (11th Cir. 2007) as defined in United States v. Sanchez, 138 F. 3d 1410 (11th Cir. 1998):

> When a defendant makes a sentencing entrapment claim, he argues that, although predisposed to commit a minor or lesser offense, he had been entrapped into committing a greater offense subject to greater punishment…similarly sentencing factor manipulation occurs when the government's manipulation of a sting operation, even if insufficient to support a due process claim, requires that the manipulation be filtered out of the sentencing calculus… conceptually, however, an adjustment for sentencing factor manipulation is not a departure. When a court filters the manipulation out of the sentencing calculus before applying a sentencing provision, no mandatory minimum would arise in the first place.

    d..    In United States v. Williams, 181 Fd. Appx 805 (11th Cir. 2006), the Court stated:

> A claim of sentencing manipulation requires us to consider whether the manipulation inherent in a sting operation, even if insufficiently oppressive to support an entrapment defense,… or due process claim, … must sometimes be filtered out of the sentencing calculus.

In that case the court found that the multiple controlled buys were used to strengthen the prosecution's case, and therefore, were not sentencing manipulation. In this case, there was no need for more than one child, using multiple children results in sentencing manipulation. In both U.S. v. Sanchez, 138 F. 3d 1410 (11th Cir 1998) and

5

U.S. v. Govan, 293 F. 3d 1248 (11th Cir. 2002) the court noted that there was nothing wrong with the Government attempting to strengthen its case for conviction. Again, there is no need for multiple victims to strengthen the Government's case.

  e. Murrell left open the question of whether a communication via means of interstate commerce, without more is sufficient to sustain a conviction for attempt. The Defendant hereby asserts his objection to including the Spector case as relevant conduct and as an additional count and as part of grouping, in that , there was no substantial step towards commission of the offense, but only a communication via a means of interstate commerce and nothing more.

  f. The United States Sentencing Commission has through an amendment pursuant to 28 U.S.C. §994 (a) and (p) submitted to Congress to decrease the level offense for certain categories of offenders either by two (2) or four (4) levels depending on whether the offender was sentenced under 2A3.2 or 2G1.3. The Sentencing Commission added the undue influence enhancement under 2A3.2 in 2000 and increased that enhancement to two (2) levels to four (4) levels in 2004. The question presented by the Sentencing Commission was whether the undue influence enhancement applied in a case where no minor was involved only a law enforcement officer. The commentary concludes that the undue influence enhancement does not apply in a case where only a fictitious minor was involved in the offense which turned out to be an undercover law enforcement officer. On June 22, 2009, the United States Sentencing Commission published an analysis of the impact if the influencing a minor amendment was made retroactive.

6

g.      By this commentary the Commission expresses its disfavor of enhancements for offenses involving a minor where there is no minor involved. The Defendant understands that the current case law allows (although we continue to object) a conviction of this offense if it is alleged by the parent that there is a minor child, but increasing the punishment based on the allegation of multiple minor children is inconsistent with logic and inconsistent with the intent of the Sentencing Guidelines as well as the Commissions most recent position. In addition, it is sentencing manipulation.

Respectfully submitted,

LAW OFFICES OF TRAGOS & SARTES, P.L.

  /S/ George E. Tragos
GEORGE E. TRAGOS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 26th day of June, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing the following:   United States Attorney's Office, 400 N. Tampa Street, Room 3200, Tampa, Florida 33602.  I further certify that I mailed the foregoing document and the notice of electronic filing by first - class mail to the following non-CM/ECF participants:

_____.

LAW OFFICES OF TRAGOS & SARTES, P.L.

  /s/ George E. Tragos
GEORGE E. TRAGOS, ESQUIRE
601 Cleveland Street, Suite 800
Clearwater, FL 33755
(727) 441-9030
SPN 00000117
Florida Bar No. 184830
E-mail: george@greeklaw.com

7