UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                      CASE NO. 8:08-cr-318-T-27

CHARLES JACKSON FRIEDLANDER

**UNITED STATES' MOTION TO DISMISS
AND OPPOSITION TO DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

The United States opposes Friedlander's motion for compassionate release, Doc. 328. Friedlander did not exhaust his administrative remedies, so this Court should dismiss his motion without prejudice to refiling once he satisfies the exhaustion requirement. But even if this Court reaches the merits of his motion, the motion lacks merit, and this Court should deny it. Friedlander fails to meet his burden in showing that his medical conditions, most of which were present when this Court sentenced him and are stable, satisfy the requirements for compassionate release. Nor has he demonstrated, as he must, that his release would not pose a danger to the public.

**Background**

In 2008, Charles Friedlander engaged in a series of online chats with two different undercover officers posing as parents offering up their children for sexual abuse. *See* PSR ¶¶ 8–17. Friedlander chatted with one officer from

February to July 2008, expressing interest in having sex with the officer's mentally handicapped, 11-year-old daughter. *Id.* ¶¶ 16–17. In chats with a second undercover officer in June and July 2008, Friedlander discussed stripping the officers' 10- and 11-year-old sons, hitting them with a belt and razor strap, and sexually abusing them. *Id.* ¶¶ 8–11. Eventually, in July 2008, Friedlander met with the second undercover officer to introduce himself before meeting with the children. *Id.* ¶ 15. During that meeting, Friedlander showed the officer two razor straps, a belt, and a riding crop that Friedlander intended to use on the boys. *Id.* Friedlander was then arrested. *Id.* He was 75 years old at the time. *See id.* ¶ 62.

Charles Friedlander was indicted for attempting to persuade, induce, entice, or coerce a minor into engaging in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b). Doc. 8. He was convicted after a trial by jury. Doc. 263. This Court sentenced Friedlander to 360 months' imprisonment. Doc. 292.

This Court, recognizing that Friedlander was 79 years old and had health problems at the time of sentencing, was mindful that its sentence was "likely to result in [Friedlander's] dying in prison." Doc. 304 at 81, 84. (Even before his arrest, Friedlander had been diagnosed with Type II diabetes, hypertension, hyperlipidemia, degenerative disc disease, gout, a cardiac

abnormality, colitis, postherpetic neuralgia, an enlarged prostate, anxiety, and depression. *See* PSR ¶¶ 70–74.) Moreover, this Court found that Friedlander posed a danger the public: it rejected the notion that Friedlander's conduct was mere fantasizing as "nonsense" and concluded that his conduct evidenced the threat he posed to "other, real children." Doc. 304 at 78–80, 83.

Friedlander, whose projected release date is in 2035, now seeks compassionate release. *See* Doc. 328; *see also* Exhibit A at 1 (sentencing computation data).

**Argument**

A district court, upon a motion filed by either the Director of the Bureau of Prisons ("BOP") or a defendant, may reduce the defendant's sentence when "extraordinary and compelling reasons" warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Examples of qualifying "extraordinary and compelling reasons" include the defendant's suffering from a terminal illness, the defendant's suffering from a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison, and the death of the caregiver of the defendant's minor children. *See* USSG §1B1.13 comment. (n.1). Even when an extraordinary and compelling reason exists, however, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. USSG §1B1.13(2).

3

And the court must consider, in general, whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); USSG §1B1.13.

Previously, only the BOP could file in court a motion for compassionate release, but the First Step Act amended the provision to allow defendants to file such a motion as well. *See* First Step Act of 2018, 115 P.L. 391, § 603(b)(1). Before a defendant may file a motion, however, either (a) the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (b) 30 days must have lapsed since the receipt of such a request by the warden of the prison. 18 U.S.C. § 3582(c)(1)(A). The failure to have exhausted administrative remedies within the BOP is fatal to a defendant's motion for compassionate release. *United States v. Estrada Elias*, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); *accord United States v. Elgin*, 2019 U.S. Dist. LEXIS 86571, *2–3 (N.D. Ind. May 23, 2019); *cf. United States v. Alexander*, 609 F.3d 1250, 1260 (11th Cir. 2010) (holding that a prisoner may seek judicial review of BOP's sentencing calculations only after exhausting administrative remedies).

Here, Friedlander failed to exhaust his administrative remedies within the BOP. Friedlander filed a request for compassionate release on June 11,

2019, *see* Exhibit B, which the prison warden denied on June 21, *see* Exhibit C. But a request denied by the warden may be appealed through the administrative remedies program. 28 C.F.R § 571.63(a); *see also* Exhibit C (explaining Friedlander's right to appeal the denial). BOP records do not reflect that Friedlander filed such an appeal. And a court may not entertain a motion for compassionate release absent that appeal (or a 30-day lapse from such an appeal), *Elgin*, 2019 U.S. Dist. LEXIS 86571, at *3, because only a denial at the level of either the BOP's director or general counsel constitutes a "final administrative decision" that may not be further appealed within the administrative remedies program, 28 C.F.R. § 571.63(b), (d). Friedlander cites an earlier April 2019 denial of his request for compassionate release (on a different basis) from his unit team, *see* Doc. 328 at 5, but that denial is also not at the level of a final administrative decision, *see* 28 C.F.R. § 571.63(d). Because Friedlander failed to exhaust his administrative remedies, this Court should dismiss his motion.

But even if this Court entertains Friedlander's motion, it should deny the motion on the merits. A defendant seeking compassionate release bears the burden of establishing that release is warranted. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (holding that a movant for a reduction under

5

section 3582(c)(2) bears the burden to establish a reduction is warranted). Friedlander simply lists various medical conditions, without any supporting documentation or analysis as to how these conditions qualify as extraordinary and compelling reasons for his release. According to BOP's medical staff, Friedlander's medical issues are largely stable or managed with medication, and he is able to walk independently and often does so. *See* Exhibit D. And, given that this Court was aware of Friedlander's health conditions when it sentenced him, s*ee* Doc. 304 at 81, 84; PSR ¶¶ 70–74, those health conditions are not extraordinary developments that now justify a radically shorter sentence.

Finally, Friedlander has not shown that he no longer poses a danger to children. Friedlander cites a psychologist who concludes that Friedlander is unlikely to reoffend because, in essence, (a) Friedlander's offense consisted only of "fantasizing," and (b) people in their eighties are not likely to commit sex offenses. Doc. 328 at 2–3. But the notion that Friedlander had merely fantasized about abusing children is at odds with the facts in this case. *See* PSR ¶ 15. Indeed, this Court specifically rejected that notion as "nonsense." Doc. 304 at 78; *see also id.* at 79–80. And whatever general correlation there may be between age and likelihood of committing sex offenses, Friedlander was well into his seventies when he attempted to abuse children. *See* PSR ¶ 62. This

Court concluded at sentencing, at which point Friedlander was 79 years old, that Friedlander posed a danger to children. Doc. 304 at 83. No reason exists now to conclude otherwise, and his motion should be denied.

## Conclusion

For these reasons, the United States requests that this Court dismiss Friedlander's motion based on his failure to exhaust his administrative remedies. Should this Court reach the merits of his motion, the United States requests that this Court find him ineligible for compassionate release and deny the motion.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:     */s/ Colin P. McDonell*
        Colin P. McDonell
        Assistant United States Attorney
        United States Attorney No.120
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: colin.mcdonel@usdoj.gov

U.S. v. Charles Jackson Friedlander            Case No. 8:08-cr-318-T-27

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Joseph Parrish, Esq.

>    */s/ Colin P. McDonell*
>    Colin P. McDonell
>    Assistant United States Attorney
>    United States Attorney No. 183
>    400 N. Tampa Street, Suite 3200
>    Tampa, Florida 33602-4798
>    Telephone:   (813) 274-6000
>    Facsimile:   (813) 274-6358
>    E-mail:   colin.mcdonel@usdoj.gov