UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                      Case No. 8:08-CR-318-T-27TGW

**CHARLES JACKSON FRIEDLANDER**
_____/

**ORDER**

**BEFORE THE COURT** are Defendant's Motion for Compassionate Release, the United States' opposition, and Defendant's Response (Dkts. 328, 331, 332). Upon consideration, Defendant's motion (Dkt. 328) is DENIED.

**The First Step Act of 2018**

The First Step Act amended 18 U.S.C. § 3582 by providing that the court may modify a sentence upon finding that "extraordinary and compelling reasons" warrant the reduction of sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, the First Step Act provides that the court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is

1

currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . ."[1]

The policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13 identifies five categories of extraordinary and compelling reasons. The first requires a terminal illness,[2] the second a serious physical or medical condition, functional or cognitive impairment, or deteriorating physical or mental health resulting from the aging process, which "substantially diminishes the ability of the defendant to provide self-care within the prison facility and from which he is not expected to recover," the third that defendant be at least 65 years old, experiencing a serious physical or mental health deterioration resulting from the aging process, and having served at least 10 years of his term of imprisonment, the fourth the death or incapacity of one in a specified relationship to the defendant, and the fifth a determination by the BOP that some other extraordinary and compelling reason exists. U.S.S.G. § 1B1.13, cmt. n1 (A)-(D). Significantly, the policy statement conditions compassionate release to a defendant who "is not a danger to the safety of any other person or to the community . . ." U.S.S.G. 1B1.13 (2).

**Discussion**

Defendant stands convicted of violating 18 U.S.C. § 2422(b) (attempting to persuade, induce,

---

[1] Under the First Step Act, Defendant must exhaust available remedies in the Bureau of Prisons by requesting compassionate release from the warden. On January 11 and 25, 2019, Defendant's attorney wrote to the warden requesting compassionate release. The United States acknowledges that the warden did not render a decision on compassionate release within 30 days, and has withdrawn its motion to dismiss (Dkt. 337). Accordingly, Defendant has exhausted administrative remedies and his motion is ripe for consideration on the merits.

[2] The First Step Act defines a terminal illness as "a disease or condition with end-of-life trajectory." 18 U.S.C. § 3582(d)(1).

2

entice and coerce a minor to engage in sexual activity). As the Eleventh Circuit noted in affirming his conviction and 360 month sentence, he was convicted of "using interstate commerce in an attempt to coerce two children into sadomasochistic sexual acts." More specifically, the evidence established that he chatted with an undercover officer, expressing interest in engaging in sexual activity with the officer's 10 and 11 year old sons, hitting them with a belt and razor strap, and sexually abusing them. He traveled to Pinellas County and met with the officer before meeting the boys. He showed the officer two razor straps, a belt, and riding crop he intended to use on the boys, after which he was arrested.

Although 75 years old when arrested and 79 years old when sentenced, this court found that he posed a danger to the public and rejected as "nonsense" his contention that his conduct was mere fantasizing. Notwithstanding the opinions of Dr. Plaud, by virtue of his offense of conviction, he remains a danger to the public. And his overt actions in meeting with the undercover agent and displaying the razor straps, belt and riding crop in anticipation of meeting with the boys belie his contention that he was merely fantasizing.

Defendant does not contend that he has been diagnosed with a terminal illness, or that he is suffering from a serious and advanced illness with an end of life trajectory. Nor has he demonstrated that he suffers from a physical or medical condition, functional or cognitive impairment, or deteriorating physical or mental health resulting from the aging process that diminishes his ability to provide self care in a prison setting. He does not identify any person with whom he shares a close relationship who has died or become incapacitated. And he does not contend that the BOP has made a determination that some other extraordinary and compelling reasons exists.

While 89 years of age and suffering from a number of medical conditions consistent with his age, the affidavit of Dr. Sara Beyer confirms that his medical conditions are stable or managed with

medication. And contrary to his contention that he has been wheelchair bound since 2012, Dr. Beyer confirms that he is able to walk independently and often does so. Finally, his medical conditions are essentially the same as those he suffered when sentenced.

## Conclusion

After considering the factors in section 3553(a), to the extent applicable, the court finds no extraordinary and compelling reasons warranting a reduction in sentence. Moreover, a reduction in sentence would be inconsistent with the policy statement of the Sentencing Commission in U.S.S.G. 1B1.13. Defendant's Motion for Compassionate Release is accordingly DENIED.

**DONE AND ORDERED** this 14th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record, United States Bureau of Prisons