UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case No. 8:08-CR-318-T-27TGW

CHARLES JACKSON FRIEDLANDER

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Compassionate Release. (Dkt. 349). A response is unnecessary. The motion is **DENIED without prejudice**.

On July 21, 2009, Defendant was sentenced to 360 months imprisonment after being convicted of 18 U.S.C. § 2422(b) for attempting to persuade, induce, entice and coerce a minor to engage in sexual activity. His convictions and sentences were affirmed. *See United States v. Friedlander*, 395 F. App'x 577 (11th Cir. 2010).

Defendant seeks compassionate release based on what he contends are "extraordinary and compelling" reasons.[1] Construing his motion liberally, he contends that a sentence reduction is

---

[1] Section 3582 (c)(1)(A) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section

1

warranted because, although "[c]oordinated efforts are currently being made to again begin the process of requesting compassionate release through the administrative remedies provided through the BOP system based on the COVID-19 pandemic . . .. the timing required to exhaust those remedies is assuredly a death sentence for Dr. Friedlander . . . ." (Dkt 349 at 2). He further contends that "[t]his Honorable Court has the inherent authority to provide such relief prior to all administrative remedies being exhausted as explained in *U.S. v. Feucht*, 2020 WL 2781600 (S.D. Fla., May 28, 2020)." (Dkt. 349 at 1). Contrary to his contention, however, there is no statutory authority for reducing his sentence for the reasons he advances.

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after fully exhausting administrative remedies following the failure of the Bureau of Prisons to bring a motion on behalf of the defendant, or 30 days after requesting the warden of the facility to bring such a motion. *See* First Step Act of 2018, § 603(b). Importantly, other than authorizing a defendant to file a motion for relief, § 3582(c)(1)(A) remains unchanged after the First Step Act.

Accordingly, while the First Step Act authorizes a court to reduce a term of imprisonment

---

3553(a) to the extent that they are applicable, if it finds that--

(i) *extraordinary and compelling reasons warrant such a reduction*; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . .  (emphasis added).

2

under § 3582(c)(1)(A) on motion of a defendant based on "extraordinary and compelling" reasons, a defendant must first exhaust all administrative remedies available to him before filing such motion. Defendant, however, admits that he not yet exhausted these remedies. *See* (Dkt. 349 at 2). Because Defendant has not exhausted the administrative remedies available to him, the court is therefore without authority to consider the merits of his release request, and the motion is **DENIED without prejudice**.[2]

**DONE AND ORDERED** this 9th day of June, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[2] *See United States v. Smith*, Case No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic."); *United States v. Kranz*, Case No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A).").