UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                  CASE NO. 8:08-cr-318-T-27TGW

CHARLES JACKSON FRIEDLANDER

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR RELEASE PENDING APPEAL**

The United States opposes Friedlander's motion for release pending appeal, Docs. 343, 344. Friedlander—who was convicted for attempting to physically and sexually abuse children, and who has the majority of his sentence left to serve—had filed a motion for compassionate release. This Court denied that motion, and Friedlander appealed. Now Friedlander asks that this Court, which already determined that Friedlander was not eligible for release, to release him pending the resolution of an appeal concerning his release. Because Friedlander has not shown that he is likely to obtain relief on appeal, and because he remains a danger to the public, his motion should be denied.

**Background**

In 2008, Charles Friedlander engaged in a series of online chats with two different undercover officers posing as parents offering up their children

for sexual abuse. *See* PSR ¶¶ 8–17. Friedlander chatted with one officer from February to July 2008, expressing interest in having sex with the officer's mentally handicapped, 11-year-old daughter. *Id.* ¶¶ 16–17. In chats with a second undercover officer in June and July 2008, Friedlander discussed stripping the officers' 10- and 11-year-old sons, hitting them with a belt and razor strap, and sexually abusing them. *Id.* ¶¶ 8–11. Eventually, in July 2008, Friedlander met with the second undercover officer to introduce himself before meeting with the children. *Id.* ¶ 15. During that meeting, Friedlander showed the officer two razor straps, a belt, and a riding crop that Friedlander intended to use on the boys. *Id.* Friedlander was then arrested. *Id.* He was 75 years old at the time. *See id.* ¶ 62.

Friedlander was indicted for attempting to persuade, induce, entice, or coerce a minor into engaging in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b). Doc. 8. He was convicted after a trial by jury. Doc. 263.

At sentencing, this Court recognized that Friedlander was 79 years old and had health problems at the time of sentencing, and it was mindful that its sentence was "likely to result in [Friedlander's] dying in prison." Doc. 304 at 81, 84. (Even before his arrest, Friedlander had been diagnosed with Type II diabetes, hypertension, hyperlipidemia, degenerative disc disease, gout, a cardiac abnormality, colitis, postherpetic neuralgia, an enlarged prostate,

2

anxiety, and depression. *See* PSR ¶¶ 70–74.) Moreover, this Court found that Friedlander posed a danger the public: it rejected as "nonsense" the notion that Friedlander's conduct was mere fantasizing, and it concluded that his conduct evidenced the threat he posed to "other, real children." Doc. 304 at 78–80, 83.

This Court sentenced Friedlander to 360 months' imprisonment. Doc. 292. The Eleventh Circuit affirmed the reasonableness of Friedlander's sentence. *See United States v. Friedlander*, 395 F. App'x 577, 582 (11th Cir. 2010). Friedlander projected release date is in 2034. *See* Register No. 50328-018, *available at* https://www.bop.gov/inmateloc/ (last accessed June 4, 2020).

In June 2020, Friedlander filed a motion for compassionate release based on his age and health conditions. Doc. 328. Friedlander cited a psychologist who concluded that Friedlander is unlikely to reoffend because, in essence, (a) Friedlander's offense consisted only of "fantasizing," and (b) people in their eighties are not likely to commit sex offenses. Doc. 328 at 2–3. The United States opposed the motion, noting that this Court had specifically rejected the notion that Friedlander merely fantasized about abusing children, and that—whatever general correlation there may be between age and likelihood of committing sex offenses—Friedlander was well

3

into his seventies when he attempted to abuse children. Doc. 331 at 6. The United States also attached a declaration from BOP medical staff showing that Friedlander's conditions were largely stable or managed with medication, and the United States noted that this Court was aware of Friedlander's age and health when it sentenced him. *Id.*

This Court denied Friedlander's motion, noting that Friedlander's medical conditions were "essentially the same as those suffered when sentenced," that he "remains a danger to the public" notwithstanding the psychologist's contrary opinion, and that Friedlander otherwise failed to meet the criteria required for a reduction in sentence. Doc. 339 at 3-4.

Friedlander appealed. Doc. 340. His appeal has been fully briefed since March 2020 and awaits a decision. *See* 11th Cir. Docket No. 19-13347. Friedlander filed a motion for release pending appeal in the Eleventh Circuit, but the Eleventh Circuit denied his motion, holding that any such motion would have to be heard in district court in the first instance. Friedlander then filed his motion for release pending appeal in this Court. Docs. 343, 344.

## Argument

The Bail Reform Act of 1984 places stringent restrictions on the availability of bail pending appeal. *See* 18 U.S.C. § 3143. A defendant who has been convicted and sentenced to imprisonment must be detained pending

appeal unless the defendant establishes all of the following: (1) that, by clear and convincing evidence, he is not likely to flee if released; (2) that, by clear and convincing evidence, that he is not likely to pose a danger if released; (3) that the appeal is not for the purpose of delay; (4) that the appeal raises a "substantial question of law or fact" likely to result in reversal, an order for a new trial, or a sentence with less imprisonment than the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *see United States v. Giancola*, 754 F.2d 898, 900–01 (11th Cir. 1985) (noting that the burden of establishing these factors is on the convicted defendant). A "substantial question" is one that is "close" or that "very well could be decided the other way." *Id.* at 901.

    Friedlander fails to meet his burdens. First, he fails to establish by clear and convincing evidence that he is not a danger to the community. This Court, in denying Friedlander's motion for compassionate release, already found that Friedlander "remains a danger to the public." Doc. 339 at 3. Friedlander offers nothing new in his motion warranting reconsideration of that finding. *See* Doc. 344. Danger to the community alone requires denial of Friedlander's motion. *See* 18 U.S.C. § 3143(b)(1)(A).

    Friedlander's motion must also be denied because he has failed to raise any "substantial question of law or fact" likely to garner him relief on appeal.

18 U.S.C. § 3143(b)(1)(B). On appeal, the Eleventh Circuit generally reviews a district court's decision to grant or deny a sentencing reduction under an abuse-of-discretion standard. *See, e.g., United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017) (so holding for appeals of decisions concerning sentence reductions under 18 U.S.C. § 3582(c)(2)). Friedlander does not demonstrate that this Court's analysis was incorrect, let alone that this Court abused its discretion. Rather, Friedlander simply recites the same arguments that this Court already rejected. *See* Doc. 344 ¶¶ 10–11. Without a showing that some dispositive issue could "very well could be decided the other way" on appeal, *Giancola*, 754 F.2d at 901, his motion must be denied.

      Finally, although Friedlander raises arguments based on the COVID-19 pandemic, the pandemic is not properly at issue in the current motion. As Friedlander seems to acknowledge, the BOP must have an opportunity to consider any request for compassionate release before the defendant seeks relief on that basis in district court, and Friedlander states that he is still undergoing that process concerning a request for compassionate release based on the potential to contract COVID-19. *See* Doc. 344 ¶ 4; 18 U.S.C. § 3582(c)(1)(A) (detailing administrative exhaustion requirements). In any event, even were that issue properly before this Court, the Court's finding of dangerousness would preclude Friedlander's release. *See* USSG §1B1.13(2).

## Conclusion

For these reasons, the United States requests that this Court deny Friedlander's motion for release pending appeal.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:   */s/ Colin P. McDonell*
        Colin P. McDonell
        Assistant United States Attorney
        United States Attorney No.120
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: colin.mcdonel@usdoj.gov

U.S. v. Charles Jackson Friedlander    Case No. 8:08-cr-318-T-27TGW

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Joseph Parrish, Esq.

/s/ Colin P. McDonell
Colin P. McDonell
Assistant United States Attorney
United States Attorney No. 183
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:   (813) 274-6358
E-mail:   colin.mcdonel@usdoj.gov