UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                       Case No. 8:08-CR-318-T-27TGW

CHARLES JACKSON FRIEDLANDER

_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion for Bond Pending Appeal and Notice of COVID-19 Urgency (Dkt. 343), Amended Motion for Bond Pending Appeal and Notice of COVID-19 Urgency (Dkt. 344), and the United States' Opposition (Dkt. 351). Upon consideration, the motions (Dkts. 343, 344) are **DENIED**.

### Background

In 2009, Defendant was sentenced to 360 months imprisonment after being convicted of 18 U.S.C. § 2422(b) for attempting to persuade, induce, entice and coerce a minor to engage in sexual activity. His convictions and sentences were affirmed. *See United States v. Friedlander*, 395 F. App'x 577 (11th Cir. 2010).

In June 2019, Defendant filed a motion seeking compassionate release under the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(ii). (Dkt. 328). That motion was denied. (Dkt. 339). In the Order, this Court found, *inter alia*, that no extraordinary and compelling reasons warranted a reduction in sentence and that Defendant remained a danger to the public. (Id. at 4). Defendant appealed that Order. (Dkt. 340). He now seeks bond while his appeal is pending in the Eleventh

1

Circuit Court of Appeals.[1] (Dkts. 342, 344). For the reasons stated below, Defendant's motion is denied.

## Discussion

Defendant's motions for bond pending appeal are governed by the Bail Reform Act, 18 U.S.C. § 3143(b)(1). He must establish four facts to obtain a bond pending appeal:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). If each requirement is met, Defendant shall be released pending appeal. *See* 18 U.S.C. § 3143(b)(1).

In his motion, Defendant asserts that he is no longer a danger to the public due to his advanced age and because of his new and exacerbated health issues that require constant supervision. (Dkt. 344 at 2). He further asserts that because of his age and health issues he is at a high risk of contracting the COVID-19 virus. (Id.). As for the merits of his request for bond pending appeal, he contends

---

[1] After filing his motions seeking bond, Defendant filed a second motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the First Step Act of 2018, the Second Chance Act of 2008, and the Second Chance Reauthorization Act of 2018. (Dkt. 349). That motion was denied without prejudice for Defendant's failure to exhaust all available administrative remedies within the Bureau of Prisons. *See* (Dkt. 350).


> it is very clear that he is unlikely to flee and there is nothing to make this court believe that Dr. Friedlander is a risk of fleeing; Given his age, health issues and that he is bound to a wheelchair and is considerably more feeble than when he was convicted he is unlikely to pose a danger to the safety of others or the community; His appeal is not for delay and raises substantial questions of law or fact, and it is likely that his appeal will result in a lesser term of imprisonment, this Motion should be granted.

(Id. at 3 ¶ 13).

The United States opposes Defendant's motion on the ground that he has failed to establish he is not a danger to the community. (Dkt. 351). The United States further contends that the motion must be denied because Defendant "has failed to present any 'substantial question of law or fact' likely to garner him relief on appeal." (Id. at 5). The Court agrees.

As the United States correctly contends, Defendant has failed to establish that he is no longer a danger to the public. Construing his motion liberally, he appears to argue that because of his advanced age coupled with his new and exacerbated medical conditions, he is no longer a danger to the community. (Dkt. 344 at 2-3). Specifically, he asserts that "[h]e is completely benign and incompetent of coming close to recidivism and that is exactly what his unrefuted psychoanalysis shows." (Id. at 3). This argument, however, is unpersuasive. Indeed, in the Order denying compassionate release, which is currently under appeal, this Court determined that Defendant remained a danger to the public notwithstanding his psychosexual evaluation by Dr. Plaud, his advanced age, or his underlying medical conditions. (Dkt. 339 at 2-3). To the extent he argues that "new" medical issues support his request for bond, Defendant fails to include any documentation to support that assertion. Accordingly, he has failed to establish that he does not remain a danger to the public. Because he has failed to satisfy one of the four requirements

necessary for release pending appeal, his motions are **DENIED**.[2]

**DONE AND ORDERED** this 23rd day of June, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[2] In any event, Defendant also fails to raise a substantial question of law or fact. "A 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Giancola*, 754 F.2d at 901. Despite his conclusory assertion that "[h]is appeal . . . raises substantial questions of law or fact," he does not indicate which issue "very well could be decided the other way" on appeal. To the extent he relies on his age, health, and psychosexual evaluation as a basis for compassionate release, those contentions were rejected as without merit. Moreover, he does not specify the basis of his appeal, nor identify any incorrect application of the law.

4