UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                  Case No. 8:08-cr-318-T-27TGW

**CHARLES JACKSON FRIEDLANDER**
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Renewed Motion for Compassionate Release (Dkt. 355) and the United States' Response (Dkt. 358). Upon consideration, the motion is **GRANTED**.

Defendant, Charles Jackson Friedlander, is 91 years old and for the past 11 years has been incarcerated for a serious offense. As discussed below, he suffers from several long-term ailments, including diabetes, diabetic retinopathy, hypertension, chronic kidney disease, and dementia. (Dkt. 355-2 at 2). As a result of these conditions, he requires the use of a wheelchair and assistance with bathing, managing medication, and incontinence care. (Id.). The United States does not oppose Friedlander's request for compassionate release. (Dkt. 358). For the reasons discussed below, this Court finds that extraordinary and compelling reasons justify compassionate release.

### Background

Friedlander stands convicted of violating 18 U.S.C. § 2422(b) (attempting to persuade, induce, entice and coerce a minor to engage in sexual activity). (Dkt. 312 at 1). He was sentenced to 360 months imprisonment, followed by a life term of supervised release. (Id. at 2-3). As the Eleventh Circuit noted in affirming his conviction and sentence, he was convicted of "using

interstate commerce in an attempt to coerce two children into sadomasochistic sexual acts." *United States v. Friedlander*, 395 F. App'x 577, 582 (11th Cir. 2010). More specifically, the evidence established that he chatted with an undercover officer, expressing interest in engaging in sexual activity with the officer's 10 and 11 year old sons, hitting them with a belt and razor strap, and sexually abusing them. He traveled to Pinellas County and met with the officer before meeting the boys. He showed the officer two razor straps, a belt, and riding crop he intended to use on the boys, after which he was arrested.

In 2019, Friedlander filed his first motion for compassionate release, which the United States opposed "because Friedlander had not met his burden of showing that his health conditions qualified for compassionate release or that he was no longer a danger to the public." (Dkts. 329, 331); (Dkt. 358 at 1). The motion was denied. (Dkt. 339). Friedlander appealed the denial, and while on appeal "the United States received information from the Bureau of Prisons (BOP) that Friedlander's medical condition had declined considerably." (Dkt. 340); (Dkt. 358 at 1). The Eleventh Circuit granted the United States' request to remand the matter back to this Court for further proceedings. (Dkt. 353). Friedlander then filed the instant motion. (Dkt. 355).

In his renewed motion, Friedlander seeks compassionate release based on his age and "multiple serious medical conditions." (Id. at 1). The United States does not oppose a sentence reduction to time served, reasserting its contentions made to the Eleventh Circuit that Friedlander's "health conditions qualified as 'extraordinary and compelling' under USSG § 1B1.13, that he no longer had the 'physical or mental wherewithal to be a danger to the community,' and that he otherwise satisfied the requirements for compassionate release." (Dkt. 358 at 1-2).

## The First Step Act of 2018

The First Step Act amended 18 U.S.C. § 3582 to allow courts to modify a sentence upon finding that "extraordinary and compelling reasons" warrant the reduction of sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, the First Step Act provides that,

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

*Id.* § 3582(c)(1)(A).

## Discussion

Friedlander's renewed motion is construed as seeking compassionate release based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 355). Upon review, this Court finds that he satisfies the standard in U.S.S.G. § 1B1.13 cmt. n.1(B), "Age of the Defendant."

### A. *Exhaustion of the BOP's Administrative Remedies*

A defendant may seek compassionate release after fully exhausting administrative remedies available to him following the failure of the BOP to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Friedlander provides documentation that demonstrates he requested a reduction in sentence and that his request was denied on June 22, 2021. (Dkt. 355-2 at 1-2). Although it is unclear when the warden received his request, the United States does not assert that Friedlander failed to comply with the requirements of § 3582(c)(1)(A). *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (finding that the exhaustion requirement is not jurisdictional). His motion, therefore, may be considered. *See id.*

### B. *Extraordinary and Compelling Reasons*

While § 3582(c)(1)(A) allows a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 provides that a court may reduce a term of imprisonment if "(1)(A) extraordinary and compelling reasons warrant the reduction;" "(2) the defendant is not a danger to the safety of any other person or to the community;" and "(3) the reduction is consistent with this policy statement." The policy statement further explains in its commentary that extraordinary and compelling reasons include the following circumstances: "(A) Medical Condition of the Defendant;" "(B) Age of the Defendant; "(C) Family Circumstances;" and "(D) Other Reasons." *Id.* § 1B1.13 cmt. n.1.

Relevant here, Application Note 1(B) "Age of the Defendant" provides that extraordinary and compelling reasons may exist where "[t]he defendant (i) is at least 65 years old; (ii) is

4

experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. n.1(B). Friedlander satisfies these criteria. Indeed, he has served over 10 years of his term of imprisonment, and the BOP confirms that Friedlander is 91 years old and "has a history of diabetes, diabetic retinopathy, hyperlipidemia, hypertension, esophageal reflux, tinea cruris, chronic kidney disease, iron deficiency anemia, vitamin D deficiency, sensorineural hearing less, post-polio syndrome, and dementia." (Dkt. 355-2 at 2). Moreover, the BOP provides that Friedlander "is housed on the inpatient medical unit" and "requires the use of a wheelchair" and "assistance with his activities of daily living . . . such as bathing, dressing, grooming, preparing meals and snacks outside of Food Service, managing medication, doing laundry, keeping house, . . . and incontinence care." (Id.). As a result of his conditions and needs, the BOP asserts "he is considered to be in a debilitated medical condition." (Id.).

After considering Friedlander's age, health, and medical records, this Court finds that he has presented extraordinary and compelling reasons under U.S.S.G. § 1B1.13.

**C.** *Section § 3142(g) Factors*

Once extraordinary and compelling reasons are shown, section 1B1.13 provides that a sentence should be reduced only if releasing the inmate will not pose a danger to the safety of others or the community. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Factors to be considered include: (1) the nature and circumstances of the offenses of conviction; (2) the weight of the evidence; (3) Friedlander's history and characteristics; and (4) the nature and seriousness of the danger posed by his release. 18 U.S.C. § 3142(g).

After evaluating these factors in light of the record, this Court finds that Friedlander does

not present a danger to the safety of any other person or to the community. As to the first and second factors, Friedlander committed a serious and disturbing offense. For his crime, he deserved and received a lengthy sentence. As to the third and fourth factors, Friedlander's medical conditions and age make him statistically less likely to reoffend. According to the Sentencing Commission, "age is generally a strong factor influencing the likelihood of committing a crime," with "older offenders . . . substantially less likely than younger offenders to recidivate following release."[1] And his numerous health issues weigh in favor of his reduced risk to reoffend.

Accordingly, upon considering Friedlander's age, deteriorating health, and the substantial amount of time he has already served, this Court finds that the risk of him engaging in criminal behavior is minimal. Moreover, as discussed below, he will spend the rest of his life on supervised release, which will result in substantial oversight by the United States Probation Office. He, therefore, will not pose a risk to others or the community if released.

**D.** *Section § 3553(a) Factors*

Title 18 U.S.C. § 3582(c)(1)(A) further requires a court, upon finding that extraordinary and compelling reasons exist, to consider the factors in 18 U.S.C. § 3553(a), to the extent they are applicable. Those factors aid the court to impose a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 182 (11th Cir. 2019) (citing 18 U.S.C. § 3553(a)). In addition to these

---

[1] U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders, 11, 30 (Dec. 2017), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders.

factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809 (11th Cir. 2020) (citations omitted).

Reducing Friedlander's sentence furthers the goals of § 3553. As noted above, this Court recognizes the seriousness of his offense and his history and characteristics at the time he was sentenced. As a result of his criminal activity, he has been incarcerated for over 11 years in this case. Additionally, once released, he will be on supervised release for the rest of his life, which will serve as a continued sanction and general deterrent.

As to Friedlander's current history and characteristics, his age and deteriorating health weigh in favor of compassionate release. Releasing him will also serve the interest of allowing him to receive medical care and assistance for his numerous medical conditions. Accordingly, this Court finds that the 11-plus years he has served, in addition to the life term of supervised release he will serve, are sufficient, but not greater than necessary, to satisfy the purposes of § 3553(a).

**Conclusion**

After considering the extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, the sentencing factors in 18 U.S.C. § 3553(a), and after consideration of the applicable Sentencing Commission policies, this Court finds that Friedlander is entitled to compassionate release. This Court further finds that upon his release, he will not pose a danger to any person or the community. Accordingly,

1. Defendant Friedlander's Renewed Motion for Compassionate Release (Dkt. 355) is **GRANTED.**

2. His sentence is hereby **MODIFIED** as follows:

a. His sentence is reduced to time served, effective immediately, followed by a life term of supervised release. All other terms and conditions of supervision that were originally imposed remain unchanged.

b. The Federal Bureau of Prisons is directed to release Friedlander immediately after the United States Probation Office approves his release plan and travel arrangements can be made.

**DONE AND ORDERED** this 29th day of June, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record, U.S. Probation Office